

**EPSTEIN BECKER GREEN**

Attorneys at Law

Amardeep K. Bharj
t 312.499.1411
f 312.827.9525
abharj@ebglaw.com

October 19, 2021

Hon. Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**VIA ECF**

Re:  *Moody, et al. v. Empire Hotel Development, Inc. d/b/a Hyatt Place Poughkeepsie, et al.*
     Case No. 7:20-cv-2203-PMH

Dear Judge Halpern:

Defendants Hyatt Corp[oration] [...] Corporation (collectively, "**Hyat**[t]") [...] Khan ("**Khan**" and collectively [...] Plaintiffs Amanda Moody, Nat[...] Ruffin, DaJuan Morrow, and Wil[...] (D) of this Court's Individual Pra[ctices] [...] 37(a)(1), respectfully submit th[...] disputes. The parties met and con[...] 2021 and October 5, 2021 and aga[...]

> A telephone conference in connection with the discovery dispute described herein has been scheduled for 11/22/2021 at 3:30 p.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831. The parties are encouraged to attempt to resolve their discovery disputes without the need for Court intervention. To the extent Plaintiffs request that the Court compel Defendants to produce documents, at least one week prior to the conference, Plaintiffs shall supplement this letter identifying the specific requests and responses thereto they maintain are deficient. Plaintiffs' request for an extension to serve expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) is granted, marked peremptorily against Plaintiffs. The time for Plaintiffs to serve expert disclosures is extended to 11/19/2021 and there will be no further extensions of this deadline granted. Defendants' expert disclosures shall be served by 12/20/2021; and all discovery shall be completed by 1/14/2022.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         October 20, 2021

**A.  Case Background**

On March 12, 2020, Plaintiffs filed a complaint against Defendants claiming race discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §1981, and the

Page 2

New York State Executive Law. (ECF No. 1). Empire is a franchisee of Hyatt and owns and operates a Hyatt Place hotel in Poughkeepsie, New York (the "**Hotel**"). Plaintiffs Moody, Robinson, Morrow, Guarneri, and Richards were former employees of Empire and worked at the Hotel between April-September 2019. (Am. Compl. ¶ 18). Plaintiffs Ruffin and Patterson were applicants for employment positions at Empire, but did not work at the Hotel. (*Id.* ¶ 38).

### B. Plaintiffs' Claims for Emotional Distress Damages

**Defendants' Position:** All seven Plaintiffs claim that they suffered emotional distress from Defendants' alleged conduct. On July 21, 2020, Hyatt served an interrogatory requesting each Plaintiff to provide a detailed computation of their damages, including compensatory damages, mental anguish, emotional distress, humiliation damages, and pain and suffering. On September 22, 2020, Plaintiffs provided the following sworn responses:

| | |
|---|---|
| Natalia Richards | Emotional Distress, mental anguish, humiliation, and pain and suffering damages – in an amount of no less than **$500,000** due to the discriminatory treatment and animus of the Defendants, and Plaintiff's resulting miscarriage and/or loss of pregnancy and other physical symptoms, which miscarriage/loss of pregnancy and other physical symptoms were induced by the stress caused by the Defendants' discriminatory treatment of the Plaintiff. |
| Amanda Moody | Emotional Distress, mental anguish, humiliation, and pain and suffering damages – in an amount of no less than **$350,000** due to the discriminatory treatment and animus of the Defendants, and Plaintiff's respiratory condition, including asthma, and other physical symptoms which were exacerbated by the dust conditions she was subjected to due to the improper and unsafe construction activities conducted by the Defendants at the hotel property without provision for personal protective equipment, and due to the deplorable living conditions she was forced to endure while staying overnight at the hotel premises in order to meet the demands of her shifts, which Plaintiff would not have endured but for the Defendants' discriminatory animus and treatment. |
| Kareena Guarneri | Emotional Distress, mental anguish, humiliation, and pain and suffering damages – in amount of no less than **$250,000**. |
| Martina Robinson | Emotional Distress, mental anguish, humiliation, and pain and suffering damages – in amount of no less than **$250,00** |
| De'Jahn Ruffin | Emotional Distress, mental anguish, humiliation, and pain and suffering damages – in amount of no less than **$250,000**. |
| DaJuan Morrow | Emotional Distress, mental anguish, humiliation, and pain and suffering damages – in an amount of no less than **$350,000** due to pain and suffering from a workplace injury – namely, a laceration to Plaintiff's hand |

FIRM:54317963v1

Page 3

| | |
|---|---|
| | and other physical symptoms – suffered as a result of Defendants' negligent failure to provide personal protective equipment necessary for Plaintiff to perform his job and subsequent failure to provide proper medical treatment, which failures were motivated by Defendants' discriminatory animus and which injuries Plaintiff would not have endured but for the Defendants' discriminatory treatment. |
| William Patterson | Emotional Distress, mental anguish, humiliation, and pain and suffering damages – in amount of no less than **$250,000**. |

Plaintiffs are claiming a combined **$2,200,000** in emotional distress damages in this case. Defendants are therefore entitled to discovery to determine the extent to which these damages are attributable to Plaintiffs' employment at the Hotel. Accordingly, Defendants requested Plaintiffs to (1) identify all medical and/or mental health providers whom Plaintiffs have seen between August 2016 to the present, and (2) provide signed *Authorizations for Release of Health Information Pursuant to the Health Insurance Portability and Accountability Act of 1996* (the "**HIPAA Releases**") to allow Defendants to obtain records from these medical providers.[1] To date, Plaintiffs have produced only select mental health records for Moody and Richards and have produced no medical records for the other five Plaintiffs. Plaintiffs have also failed to provide the HIPAA Releases despite numerous oral and written requests from Defendants.

Courts routinely order the production of complete medical records where, as here, a plaintiff seeks significant emotional distress damages.[2] The HIPAA Releases should not be limited to mental health providers for several reasons. First, Plaintiffs could have been treated for emotional distress by a medical provider other than a mental health specialist. Second,

---

[1] These medical and/or mental health records are also necessary to determine which Plaintiffs the Defendants will request to examine pursuant to Fed. R. Civ. 35.

[2] *Bujnicki v Am. Paving & Excavating, Inc*., 2004 WL 1071736 at *18 (W.D.N.Y. Feb. 25, 2004) (where the plaintiff claimed both physical and psychological injuries, defendants had a clear right to make a searching inquiry into plaintiff's medical past for the purpose of showing that her emotional and physical distress was caused, at least in part, if not in whole, by circumstances that were not job related); *Bridges v. Eastman Kodak Co*., 850 F. Supp. 216, 222–23 (S.D.N.Y. 1994)(same).

Case 7-20-cv-02203-PMH Document 51 Filed 10/20/21 Page 4 of 8
Case 7:20-cv-02203-PMH Document 50 Filed in NYSD on 10/19/2021 Page 4 of 8

Page 4

Plaintiffs could have simply mentioned their emotional distress symptoms to a doctor other than a mental health specialist. Third, to the extent that Plaintiffs received any medical treatment while they were suffering the alleged emotional distress and failed to inform the medical provider, such an omission is relevant with respect to their allegations of emotional distress. Finally, Plaintiffs' medical records from providers other than mental health specialists may identify other medical conditions that caused or contributed to their alleged emotional distress. *See Julicher v. Town of Tonawanda*, 2008 WL 4415226, at *4 (W.D.N.Y. Sept. 24, 2008) ("As this Court has previously held, where plaintiffs claim damages for emotional distress or other psychological injuries, defendants have a clear right to make a searching inquiry into plaintiff's past for the purpose . . of showing that her emotional and physical distress was caused . . . by events and circumstances that were in no way 'job related.'").

Accordingly, Defendants request that the Court compel Plaintiffs to provide signed HIPAA Releases for each medical provider that the Plaintiffs have seen from August 1, 2016 through the present. All medical records received will be treated as confidential under the Stipulated Confidentiality Agreement and Protective Order entered in the case. (ECF No. 28).

**Plaintiffs' Position:** Defendants request HIPAA releases for all of Plaintiffs' medical records from April 1, 2016 to the present. This represents a time period of nearly five years, and covers an enormous breadth of confidential, privileged health information, and is overbroad considering the sensitive nature of and special consideration given to mental health records and other medical records. While Defendants are entitled to discover whether certain Plaintiffs, who claim severe, rather than garden variety, emotional distress, presented mental health issues prior to or after the events alleged in the amended complaint, the scope of discovery is not permitted

FIRM:54317963v1

Page 5

beyond those mental health records. Accordingly, Plaintiffs argue that only Plaintiffs' mental health records within the past five years are relevant and/or proportional to the needs of this case.

Defendants essentially argue that the amount of emotional distress damages sought and plead have a direct relationship to the proportionality test. This is incorrect. The proportionality test looks to the qualitative issues in the case to determine the scope of discovery. The fact that Plaintiffs Amanda Moody and Natalia Richards seek more than garden variety emotional distress damages is not, in and of itself, grounds for Defendants to obtain unfettered access to all of their medical records, including those Plaintiffs' medical histories detailing their physical ailments or other conditions.

C. **Production of Plaintiffs' Expert Report**

On September 10, 2020, Plaintiffs disclosed that Dr. Racine Henry, a psychologist, will opine on Plaintiffs' emotional distress claims. Plaintiffs agreed to produce Ms. Henry's expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B) by **October 5, 2021** and offer her for deposition on **October 18, 2021**. Plaintiffs failed to produce the report by October 5. Accordingly, on October 6, 2021, counsel for Hyatt requested the status of the expert report from Plaintiffs' counsel, but received no response. To date, Plaintiffs have failed to produce Ms. Henry's expert report or the report of any expert who will opine on Plaintiffs' emotional distress damages even though Plaintiffs intend to rely on such expert. As such, Defendants will not be able to depose Plaintiffs' expert on October 18, 2021 as previously agreed. Expert discovery closes on November 10, 2021 and Plaintiffs' delay has caused prejudice because Defendants now have less than three weeks to (1) review the expert report, (2) depose the expert, (3) designate a rebuttal witness, and (4) offer the rebuttal witness for deposition. Defendants therefore request that the Court compel the

FIRM:54317963v1

Page 6

Plaintiffs to comply with Fed. R. Civ. P. 26(a)(2)(B) and provide Dr. Henry's report by **October 22, 2021**. Defendants do not consent to Plaintiffs' request for an extension of time to provide the expert report. The only basis for the requested extension is that Plaintiffs decided not to use the previously identified expert. Plaintiffs have had ample time to identify an alternate expert.

**Plaintiffs' Response:** We preliminarily identified a clinical psychologist, Dr. Racine, who we have since determined not to use in this case. Because of the apparent impasse over fact discovery at this time, we request an additional thirty days to identify an expert to opine on the pain and suffering and mental anguish of Plaintiffs Moody and Richards above and beyond any actual treatment providers that have been identified in fact discovery.

D. **Redacted and Privileged Documents**

**Plaintiffs' Position:** Despite numerous follow-up communications and conferences, to date, several documents or portions thereof that were produced by Hyatt Corporate were redacted without provision of any redaction or privilege log or other valid reason for these redactions (a redaction and privilege log were provided, but they did not address each redacted document).

**Defendants' Response:** Hyatt has redacted certain documents containing: (1) information that is unresponsive to Plaintiffs' discovery requests; (2) personal identifiable information; (3) Hyatt confidential information that is unrelated to the claims in this lawsuit; and (4) highly sensitive financial information that is unrelated to the claims in this lawsuit. By e-mail dated October 7, 2021, Plaintiffs' identified specific documents with redactions, which Hyatt has agreed to review and either provide further explanation of the bases for the redactions and/or reproduce without redactions subject to the Confidentiality Order.

E. **Failure to Produce Documents; Uncategorized "Document Dump"**

Page 7

**Plaintiffs' Position:** Plaintiffs served Defendants with document requests and interrogatories on July 22, 2020, and supplemental document requests and interrogatories on March 24, 2021. The Defendants entirely failed to produce numerous documents that are critical to Plaintiffs' case, despite in many cases definitive confirmation of their existence, based upon references to them in other produced documents. In addition, to date Empire has failed to produce responses to interrogatories served on and March 24, 2021.

On October 7, 2021 (to Hyatt Corporate) and October 14, 2021 (to Empire)[3], in a good faith effort to resolve the deficiencies in the Defendants' respective discovery responses, Plaintiffs provided a detailed list of the missing documents, to the extent possible, and Defendants again responded that they were working on providing the responses. There is no indication that the documents will be produced in a timely fashion that will allow for an assessment of Defendants' responsiveness given that they asserted on October 18, 2021 that they would be doing their best to provide additional documents later this week.

Defendants also responded that certain documents are not relevant or are overly broad, or include confidential, secret or proprietary information (but which is not attorney-client privileged). However, the materials sought by Plaintiffs are relevant and discoverable because they address the paramount issues in this litigation, including threshold issues related to a determination of franchisor liability in the context of allegations of discrimination by a franchisor's own employee.

Additionally, Plaintiffs challenge the content of Hyatt Corporate's production on the grounds that the materials submitted are voluminous and poorly identified, and amount to a

---

[3] Plaintiffs can provide the Court with copies of the deficiency letters issued to Defendants which detail each deficiency to Plaintiffs' enumerated discovery demands.

FIRM:54317963v1

Page 8

"document dump." Hyatt Corporate's collective document production approach has unreasonably hindered Plaintiffs' ability to assess the adequacy and completeness of Hyatt Corporate's disclosures, and ultimately, to prepare for a summary judgment motion and/or trial. Plaintiffs request that Hyatt Corporate be ordered to cull, revise, redesignate and re-disclose its discovery disclosures by designating the document request to which it is responsive, noting the respective BATES ranges for each responsive document.

**Defendants' Response:** Hyatt Corporate has produced thousands of pages of documents, has agreed to conduct an additional search for material responsive to Plaintiffs' supplemental requests and has agreed to provide an index, identifying the request to which each document is responsive.

We thank the court for its time and consideration.

Respectfully submitted,

| /s/ Amardeep K. Bharj | /s/ Sean Kemp | /s/ Ian Brandt |
|---|---|---|
| Counsel for Hyatt | *Counsel for Empire and Erfan Khan* | *Counsel for Plaintiffs* |

cc   All counsel of record (via ECF)

FIRM:54317963v1